IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NELLA CUTLERY (U.S.A.), INC., )
et al., )
 )
        Plaintiffs, )
 )
  v. )   No. 11 C 6908
 )
COZZINI BROTHERS, INC., et al., )
 )
        Defendants. )

MEMORANDUM ORDER

Nella Cutlery (U.S.A.), Inc. ("Nella (USA)") and Nella Cutlery, L.L.C. ("Nella LLC") invoke the diversity branch of federal jurisdiction to sue Cozzini Brothers, Inc. ("Cozzini Brothers"), Oscar Cozzini ("Oscar") and Oswald Cozzini ("Oswald") in a four-count Complaint for Injunctive and Other Relief. This memorandum order is issued sua sponte because of some problematic aspects of the Complaint's allegations as to diversity (this Court has an independent threshold obligation to confirm the existence of subject matter jurisdiction--see, e.g., Cook v. Winfrey, 141 F.3d 322, 325 (7th Cir. 1998) and Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)).

Here Complaint ¶¶2 and 4 treat the two corporate parties--Nella (USA) and Cozzini Brothers--in an unexceptionable manner, identifying the dual citizenship of each in accordance with 28 U.S.C. §1332(c)(1). But plaintiffs' counsel do not do a comparable job as to any of the other parties:

      1. After setting forth comparable (and quite

irrelevant) corporate-type allegations as to Nella LLC, Complaint ¶3 says simply:

> None of the Members of Nella Cutlery, L.L.C. are Illinois residents.

Even apart from speaking of residence rather than citizenship (those two statuses do not of course necessarily coincide), the just-quoted conclusory assertion does not enable this Court to carry out its independent obligation. Instead plaintiffs' counsel must provide the relevant citizenship information as to each member of Nella LLC.

2. True to the form employed as to Nella LLC's members, plaintiffs' counsel speaks only of Oscar's and Oswald's places of residence rather than citizenship in Complaint ¶¶5 and 6. Such obvious noncompliance with the required showing of diversity of citizenship has often been met by our Court of Appeals with such statements as "When the parties allege residence but not citizenship, the district court must dismiss the suit" (<u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004), quoting earlier caselaw in this Circuit).

This Court is loath to apply such a Draconian sanction to force the rewriting and refiling of a pleading that occupies 25 pages plus multipage exhibits, rather than leaving it to defense counsel to identify any other flaws and to police the litigation for their clients. That said, however, it must be added that

unless plaintiffs' counsel files an appropriate amendment to the Complaint (<u>not</u> a self-contained Amended Complaint) on or before October 21, 2011 to cure the flaw identified here, this Court would be compelled to dismiss both the Complaint and this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 5, 2011